[Cite as *State v. Lusher*, 2024-Ohio-5455.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JEFFREY LUSHER | : | Case No. 2024 AP 05 0017 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2023 CR 08 0239

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               November 18, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RYAN D. STYER                             GEORGE URBAN
125 E. High Avenue                        116 Cleveland Avenue NW
New Philadelphia, OH  44663               Suite 808
                                          Canton, OH  44702

*King, J.*

{¶ 1}   Defendant-Appellant Jeffery Lusher appeals the April 4, 2024 judgment of conviction and sentence of the Tuscarawas County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 15, 2023, the Tuscarawas County Grand Jury returned a five-count indictment charging Lusher with one count each of breaking and entering, vandalism, and possessing criminal tools, felonies of the fifth degree, one count of receiving stolen property, a misdemeanor of the first degree, and one count of attempted theft, a misdemeanor of the second degree.

{¶ 3}   On February 5, 2024, Lusher entered pleas of guilty to each count of the indictment. The trial court ordered a presentence investigation and the matter was set over for sentencing.

{¶ 4}   A sentencing hearing was held on April 3, 2024. The state recommended a period of community control and an order of restitution. The trial court declined to follow the state's recommendation. It noted that Lusher was on post-release control in five cases when he committed the instant offenses, had several previous felony convictions and had pending cases in two other counties. Transcript of Sentencing at 3-5. The trial court therefore imposed an aggregate prison term of 24 months.

{¶ 5}   Lusher filed an appeal and was appointed counsel. Thereafter, Lusher's attorney filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then

counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 6}   On July 30, 2024, Lusher's counsel filed a motion to withdraw. By judgment entry filed August 9, 2024, this court noted counsel had filed an *Anders* brief and notified Lusher via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Lusher did not do so.

{¶ 7}   The matter is now before this court for consideration of counsel's Anders brief. Counsel urges this court to review the following:

I

{¶ 8}   "THE TRIAL COURT ERRED BY FAILING TO MAKE THE REQUIRED FINDINGS FOR CONSECUTIVE SENTENCING."

II

{¶ 9}   "OTHER ERRORS WERE COMMITTED NOT RAISED HEREIN BUT APPARENT ON THE RECORD."

I, II

{¶ 10} Counsel asks this court to determine if there is any merit to an argument that the trial court failed to make the requisite findings before imposing consecutive sentences. We find no error.

{¶ 11} We court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or

(C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶ 14} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

{¶ 15} We first note Lusher did not object during the sentencing hearing to the imposition of a prison sentence or to consecutive sentences, thereby forfeiting all but plain error. *State v. Wilson*, 2013-Ohio-1520 (10th Dist.) ¶ 8. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the proceeding clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 16} Upon review of the record, we find the trial court engaged in the correct analysis. It found consecutive sentences were necessary to protect the public and punish Lusher, that he was on post-release control when he committed the instant offenses, that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public, and that his long history of criminal conduct including several prior felony convictions demonstrated consecutive sentences were necessary to protect the public from future crime. T. 4-5. These same findings also negate any argument that the trial court erred in imposing prison sentences for felonies of the fifth degree. See R.C. 2929.13(B)(1)(a)-(b).

{¶ 17} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit .... An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 18} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

{¶ 19} We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 20} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By King, J,

Delaney, P.J. and

Gwin, J. concur.